# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY YORK,<br><br>   Plaintiff,<br><br>   v.<br><br>TOCHI E. EZENWUGO, et al.,<br><br>   Defendants. | 1:18-cv-00581-GSA-PC<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROVIDE ADDRESSES FOR SERVICE UPON DEFENDANTS ADAME AND EZENWUGO**<br><br>**THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE RESPONSE** |

**I.  BACKGROUND**

Dorothy York ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the original Complaint filed on April 30, 2018, against defendants Jennifer Adame and Tochi Ezenwugo on Plaintiff's Eighth Amendment medical claim.  (ECF No. 1.)

On June 10, 2019, the court issued an order requiring Plaintiff to provide addresses within thirty days to enable service of process upon defendants Adame and Ezenwugo.  (ECF No. 15.) Plaintiff was advised that the Marshal cannot serve defendants with a copy of the Complaint until Plaintiff provides addresses for the defendants.  The thirty-day time period has passed and Plaintiff has not provided addresses for service or otherwise responded to the court's order.

1

## II. SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

**Discussion**

Plaintiff has been granted ample opportunity but has not provided sufficient information for the Marshal to locate defendants Jennifer Adame and Tochi Ezenwugo for service of process. As discussed above, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22. If Plaintiff cannot provide additional information to enable the Marshal to locate defendants Adame and

///

Ezenwugo for service of process, the defendants shall be dismissed from this action which will result in the dismissal of this action in its entirety.

**III.    ORDER TO SHOW CAUSE**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall respond in writing to this order, showing cause why defendants Adame and Ezenwugo should not be dismissed from this action pursuant to Rule 4(m), dismissing this action in its entirety; and

2. Plaintiff's failure to respond to this order or her failure to show cause will result in a recommendation that this case be dismissed in its entirety.

IT IS SO ORDERED.

Dated:   **August 9, 2019**                          **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE